IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOE WEBBER,

    Plaintiff,

v.     Case No. 4:14cv490-MW/CAS

NATIONAL GENERAL
ASSURANCE COMPANY,

    Defendant.

_____/

### ORDER DISMISSING BAD FAITH CLAIM

Joe Webber, a Tennessee resident, owns a motor home that was damaged in a car accident in Florida. ECF No. 1 at 1. At the time, the motor home was insured by National General Assurance Company (also known and referred to here as "GMAC"). *Id.* An insurance dispute ensued between Mr. Webber and GMAC.

As a result, Mr. Webber brought this two-count action against GMAC alleging breach of contract (Count I) and bad faith dealing in violation of section 624.155, Florida Statutes (2014) (Count II). GMAC moved to dismiss the bad faith claim on two grounds. ECF No. 6. GMAC contends that Tennessee law applies, which precludes Mr. Webber's statutory first-party bad faith claim. *Id.* at

1

2.  GMAC also asserts that even if Florida law applies, the bad faith claim must be dismissed because it is not ripe. *Id.*

On March 6, 2015, this Court held a hearing to consider several pending motions. ECF No. 28. At the conclusion of the hearing, the parties asked for additional time to file supplemental memoranda on the issue of the applicable law. The request was granted and the parties filed their respective memoranda on March 12, 2015. *See* ECF Nos. 29 & 30. As discussed below, the motion is granted.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When deciding a motion to dismiss, courts must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 799 (11th Cir. 2014) (quoting *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004)). To survive dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the *reasonable inference* that the defendant is

liable for the misconduct alleged." *McCone*, 582 F. App'x at 799-800 (emphasis added) (quoting *Iqbal*, 556 U.S. at 662) (internal quotation marks omitted).

## DISCUSSION

This Court must decide whether Florida or Tennessee substantive law applies. "In diversity cases, the choice-of-law rules of the forum state determine which state's substantive law applies." *Am. Family Life Assur. Co. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989). Federal jurisdiction in this case is based on diversity and Florida is the forum state. Thus, Florida's choice-of-law rules determine the applicable substantive law.

Contract choice-of-law principles apply to bad faith actions. *Gov't Employees Ins. Co. v. Grounds*, 332 So. 2d 13, 14 (Fla. 1976). "Questions bearing on the interpretation, validity, and obligation of contracts are substantive and governed by the rule of *lex loci contractus*." *Higgins v. W. Bend Mut. Ins. Co.*, 85 So. 3d 1156, 1158 (Fla. 5th DCA 2012) (citing *Goodman v. Olsen*, 305 So. 2d 753, 755 (Fla. 1974)); *see also State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006) ("[I]n determining which state's law applies to contracts, we have long adhered to the rule of lex loci contractus."); *Sturiano v. Brooks*, 523 So. 2d 1126, 1129-30 (Fla. 1988). "That rule provides that the laws of the jurisdiction where the contract was executed govern interpretation of substantive

issues regarding the contract." *Lumbermens Mut. Cas. Co. v. Aug.*, 530 So. 2d 293, 295 (Fla. 1988).

Conversely, "matters concerning performance are determined by the law of the place of performance." *Grounds*, 332 So. 2d at 14-15; *see also Walling v. Christian & Craft Grocery Co.*, 41 Fla. 479, 489 (1899); *Higgins*, 85 So. 3d at 1158.

The issue is whether to apply *lex loci contractus* or the place of performance analysis to determine the substantive law governing Mr. Webber's first-party bad faith action. Mr. Webber alleges that his claim involves questions going to GMAC's alleged failure to perform its obligations under the insurance policy. Citing *Grounds*, the genesis of the place of performance rule for bad faith claims, Mr. Webber claims that this Court therefore ought to look to the place of performance, which is Florida.

GMAC responds that *Grounds* is limited to *third-party* bad faith actions. In first-party bad faith claims, says GMAC, the substantive law of the place of contracting—here, Tennessee[1]—controls. GMAC relies on *Higgins*, a decision by Florida's Fifth District Court of Appeal, in support.

---

[1] Mr. Webber, in his supplemental memorandum of law, argues that Florida law applies "even under a *lex loci contractus* analysis." ECF No. 29 at 2-3, 3 n.2. In response to what it perceives as improper supplementation, GMAC moved to strike Mr. Webber's memorandum. ECF No. 31. GMAC specifically argues that Mr. Webber's supplemental memorandum raises arguments not advanced at the March 6, 2015, telephonic hearing. *Id*. at 1. This, according to GMAC, runs afoul of this Court's explicit admonition that the parties' memoranda be limited to

The plaintiffs in *Higgins* filed a bad faith action under section 624.155 against their insurer for failing to settle an underlying uninsured/underinsured motorist ("UM") claim in good faith. 85 So. 3d at 1157. On appeal, the court, analyzing what it considered a question of first impression, addressed "which contract choice of law rule applies to first-party bad faith actions." *Id.*

The Higginses, like Mr. Webber, relied on *Grounds* and argued that the place of performance was Florida because that is where their insurer had mishandled their original action. *Id.* at 1159. Rejecting the place of performance test, the Fifth District Court of Appeal held that *Grounds* was not dispositive because of "the fundamental difference between first- and third-party bad faith actions." *Id.*

"*Grounds*," the court explained, "involved a third-party bad faith claim brought by the insured tortfeasor against the insurer for failing to defend in Florida the insured in good faith." *Id.* In such actions, the insurer's "*conduct or performance*" exposes the insured to excess liability. *Id.* (emphasis added). First-party claims, in contrast, scrutinize how the insurer "operated under the terms of its

---

listing supplemental authority regarding which choice-of-law rule applies to first-party bad faith claims.

This Court agrees and strikes the portions of Mr. Webber's memorandum raising new arguments. This Court only considers Mr. Webber's memorandum to the extent it complies with the instructions given during the hearing.

Moreover, the contention that *lex loci contractus* governs is meritless. First, Mr. Webber's attorney *conceded*, on the record, that Tennessee law applied under *lex loci contractus*. Second, the parties executed the contract—that is, completed the final step necessary to enter into the insurance agreement—in Tennessee because the policy was delivered in Tennessee.

contract with the [insured], irrespective of location, and any breach stemming from their conduct [therefore] presents an issue more akin to coverage." *Id.* Because that is a substantive question, the court explained, the applicable law in first-party bad faith actions is that of the place where the contract was executed. *Id.*

Mr. Webber urges this Court to disregard *Higgins*' narrow interpretation and instead apply *Grounds* broadly, citing several federal district court cases proceeding under the place of performance inquiry in bad faith actions. *See* ECF No. 13 at 7-9. But none of the cases cited by Mr. Webber contradict *Higgins* because they all apply the place of performance analysis in the third-party bad faith context.

Mr. Webber, for instance, compares GMAC's settlement attempts to those by the insurer in *Noonan v. Vermont Mutual Insurance Co.*, and argues that, like the Middle District of Florida, this Court should look to the place of performance. 761 F. Supp. 2d 1330 (M.D. Fla. 2010). At first blush, *Noonan* may seem like a first-party action because the tort victim sued as *assignee* of the insured-tortfeasor's bad faith claim against his insurer. *See id.* at 1333.

There are, however, two types of third-party claims. *See Progressive Exp. Ins. Co. v. Scoma*, 975 So. 2d 461, 466 (Fla. 2d DCA 2007). One is a claim brought by an insured against her own insurer, the "first party's third-party claim." The other, the "third party's third-party claim," refers to a suit against an insurer by

someone other than the insurance policyholder.  Either can be a third-party claim so long as it involves an allegation that an "insurer acted in bad faith concerning a claim arising under *third-party coverage*."  *MI Windows & Doors, LLC. v. Liberty Mut. Fire Ins. Co.*, No. 8:14-CV-3139-T-23MAP, 2015 WL 738031, at *4 (M.D. Fla. Feb. 20, 2015) (emphasis added).  "Third-party coverage" is "liability coverage that protects the insured from claims or lawsuits filed by other parties and requires the insurance company to provide the defense for such claims."  *Id.* (internal quotation mark omitted).

The suit in *Noonan*, while technically the insured's cause of action that had been assigned to the tort victim, concerned the insured's third-party coverage.  Thus, it was a "third-party claim."  Looking to the place of performance, the *Noonan* court did precisely what *Grounds*, as construed by *Higgins*, commands.

The other cases cited by Mr. Webber also deal with third-party claims.  *See Morgan v. Gov't Employees Ins. Co.*, No. 3:12-CV-32-J-99MMH, 2012 WL 4377790, at *1, *6 (M.D. Fla. Aug. 22, 2012) (employing place of performance analysis in lawsuit brought by "an insured . . . against his insurer for failure to settle a third party's claim"); *Clifford v. Commerce Ins. Co.*, No. 09-21198, 2009 WL 3387737, at *1 (S.D. Fla. Oct. 16, 2009) (same).

Mr. Webber's interpretation of the case law is not entirely unfounded.  The Middle District of Florida has stated that "*Grounds* contains nothing that suggests

7

*Grounds* is limited to third-party claims, and most courts construe *Grounds* accordingly." *MI Windows & Doors*, 2015 WL 738031, at *3. Yet all the cases *MI Windows & Doors* cites in support apply *Grounds* consistently with *Higgins*. *See Gallina v. Commerce & Indus. Ins.*, No. 8:06-CV-1529-T-27EAJ, 2008 WL 4491543, at *5 (M.D. Fla. Sept. 30, 2008) (applying place of performance to insurer's failure to settle a third party's underlying claim), *aff'd*, 375 F. App'x 935 (11th Cir. 2010); *Shin Crest Pte, Ltd. v. AIU Ins. Co.*, No. 8:07-CV-1433T24MAP, 2008 WL 728388, at *2 (M.D. Fla. Mar. 17, 2008) (same); *Teachers Ins. Co. v. Berry*, 901 F. Supp. 322, 324 (N.D. Fla. 1995) (same). Even *MI Windows & Doors*, which also looked to the place of performance, dealt with a third-party action. 2015 WL 738031, at *3 ("[T]he plaintiffs in this action assert a third-party bad faith claim . . . .").

Thus, as applied in various cases, *Grounds* does not seem to compel an inquiry into the place of performance in every bad faith claim. Rather, as numerous other courts have held, and as *Higgins* clarified, first-party bad faith claims are subject to *lex loci contractus*. *See, e.g.*, *Allstate Ins. Co. v. Clohessy*, 32 F. Supp. 2d 1328, 1329-31 (M.D. Fla. 1998).

The distinction is certainly not unassailable. While the Florida Supreme Court has repeatedly justified its adherence to such an "inflexible rule" on the basis that it promotes contractual stability, *see State Farm Mut. Auto. Ins. Co. v. Roach*,

8

945 So. 2d 1160, 1164 (Fla. 2006), it is hard to see why third-party bad faith claims—at the very least the first party's third-party kind—do not merit the same consideration.  Even more troubling, in Florida, both varieties require the jury to answer the same ultimate question: whether the insurer did not attempt in good faith to settle the subject claim when, *under all the circumstances*, it could and should have done so.  § 624.155, Fla. Stat. (2014).

In any event, even if this Court disagreed with the Fifth District Court of Appeal's construction of *Grounds*, it would not be able to disregard *Higgins*. "Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000).  Nothing in *Grounds* serves as persuasive indication that *Higgins* is wrong, particularly since *Grounds* dealt with a third-party claim. Moreover, the parties have not identified, and this Court has not found, an Eleventh Circuit case suggesting that *Higgins* should not be followed.  *See Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1249-50 (M.D. Fla. 2009).  Accordingly, *Higgins* controls.  Because this is a first-party bad faith action, this Court applies *lex loci contractus*.

Under that analysis, the substantive law of Tennessee applies because the parties executed the insurance policy in Tennessee.  Mr. Webber alleges that his

motor home, which was damaged in the underlying accident, was insured under GMAC policy number 2001669277. ECF No. 1 at 5. That policy is titled, "Tennessee Automobile Insurance." *See* ECF No. 6-1. GMAC issued the policy and insurance card to Mr. Webber's address in Tennessee. The parties therefore executed the contract in Tennessee.[2]

Because Tennessee substantive law applies, Mr. Webber's bad faith action arising under Florida law cannot stand.

For these reasons,

**IT IS ORDERED:**

1. The motion to dismiss Count II of the complaint, ECF No. 6, is **GRANTED**. Mr. Webber's bad faith claim under section 624.155, Florida Statutes, ECF No. 1, Count II, is **DISMISSED with prejudice**.

2. Mr. Webber's motion to compel, ECF No. 17, is **DENIED as moot**.

3. GMAC's motion to strike Mr. Webber's supplemental memorandum of law, ECF No. 31, is **GRANTED in part**.

---

[2] Again, Mr. Webber's counsel conceded that the parties contracted in Tennessee.

4.  This action will proceed under Count I.  The parties must comply with the scheduling order.  ECF No. 16.

**SO ORDERED on March 16, 2015.**

<u>s/Mark E. Walker</u><br>
**United States District Judge**